UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LHF Productions, Inc.,<br><br>                    Plaintiff,<br><br>v.<br><br>DOE-174.65.13.50,<br><br>                    Defendant. | Case No.: 16cv1157-WQH-BGS<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EARLY DISCOVERY** |

## I.  BACKGROUND

On May 13, 2016, Plaintiff, LHF Productions, Inc., filed a complaint against the John Doe subscriber assigned IP address 174.65.13.50 ("Defendant") for copyright infringement. (ECF No. 1). On May 13, 2016, Plaintiff filed an Ex Parte Motion for Expedited Discovery.  In this motion, Plaintiff seeks leave to serve a third-party subpoena on the Internet Service Provider ("ISP"), Cox Communications, prior to the Rule 26(f) Conference in order to ascertain the name and address of the John Doe Defendant. (ECF No. 5.)

In its Complaint, Plaintiff asserts that it is the registered copyright holder of the motion picture *London Has Fallen*.  (ECF No. 1 at ¶¶ 4-6).  Plaintiff contends Defendant copied and distributed Plaintiff's copyrighted work through the BitTorrent file distribution network  without Plaintiff's permission.  (*Id.* ¶¶ 4-6, 11, 15.)

## II. LEGAL STANDARDS

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a showing by the moving party of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss."

*Id.* (citing *Gillespie*, 629 F.2d at 642).  Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible."  *Id.* at 580.

### III. ANALYSIS

#### A. Plaintiff has Identified Missing Party with Sufficient Specificity

First, Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court.  *Columbia Ins.*, 185 F.R.D. at 578.  This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin."  *808 Holdings*, 2012 WL 1648838, at *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

With the Complaint and with the instant Motion, Plaintiff filed a chart reflecting that the user of the subject IP address engaged in allegedly infringing activity from April 17 through May 2, 2016; identified the ISP as Cox Communications; and located the IP address in San Diego, California, within the Southern District of California.  (ECF Nos. 1-2; 5-3).  Critically, Plaintiff also submitted the Declaration of James S. Davis in support of this Motion.  (ECF No. 5-2).  Mr. Davis states, under penalty of perjury, that the subject IP address belongs to Cox Communications and that he employed certain geolocation technology to locate the subject IP address within the Southern District of California.  (*Id.*)

Plaintiff does not address, however, when the geolocation effort was performed.  It

is most likely that the subscriber is a residential user and the IP address assigned by ISP is "dynamic."[1] Consequently, it matters when the geolocation was performed. In the context of dynamic IP addresses, "a person using [an IP] address one month may not have been the same person using it the next." *State of Connecticut v. Shields*, No. CR06352303, 2007 WL 1828875 *6 (Conn. Sup. Ct. June 7, 2007). If performed in temporal proximity to the offending downloads, the geolocation may be probative of the physical location of the subscriber. If not, less so, potentially to the point of irrelevance. Here, although Plaintiff does not provide the date that geolocation was performed, the Court notes that the alleged infringement allegedly occurred between April 17 through May 2, 2016, ending just weeks before the filing of the Complaint and the instant Motion. (ECF No. 1-2; 5-3). Accordingly, the geolocation appears to have been conducted close enough in time to the allegedly offending behavior to be probative.

Consequently, Plaintiff has identified the Defendant, at this point, with sufficient specificity. *See OpenMind Solutions*, 2011 WL 4715200, at *2 (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP addresses to a point of origin within the State of California); *Pink Lotus Entm't*, 2011 WL 2470986, at *3 (same). In addition, Plaintiff has presented evidence that the identified IP address is physically located in this district.

**B. Previous Attempts to Locate Defendant**

Plaintiff must describe all prior steps it has taken to identify the defendant in a good faith effort to locate and serve him or her. *See Columbia Ins.*, 185 F.R.D. at 579. Plaintiff states it has been able to identify the ISP used by the alleged infringer, where he or she is generally located, and the software used to commit the alleged acts of infringement. (ECF No. 5-2). Plaintiff appears to have obtained and investigated the

---

[1] "Static IP addresses are addresses which remain set for a specific user. . . . Dynamic IP addresses are randomly assigned to internet users and change frequently. . . . Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 356-57 (D. D.C. 2011)(citations omitted).

available data pertaining to the alleged infringement in a good faith effort to locate Defendant. *See OpenMind Solutions*, 2011 WL 4715200, at *3; *MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, *2 (N.D. Cal. Aug. 3, 2011); *Pink Lotus Entm't*, 2011 WL 2470986, at *3.

### C. Ability to Withstand a Motion to Dismiss

"Finally, to be entitled to early discovery, [Plaintiff] must demonstrate that its Complaint can withstand a motion to dismiss." *808 Holdings*, 2012 WL 1648838 at *5 (citing *Columbia Ins.*, 185 F.R.D. at 579). In order to establish copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); 17 U.S.C. § 501(a). Here, the Complaint alleges that Plaintiff owns the registered copyright of the work that Defendant allegedly copied and distributed using the BitTorrent file distribution network and that it did not permit or consent to Defendant's copying or distribution of its work. (ECF No. 1). It appears Plaintiff has stated a prima facie claim for copyright infringement that can withstand a motion to dismiss.

### D. Personal Jurisdiction

As discussed above, Plaintiff has sufficiently established that it is likely that the Defendant is located within the Southern District of California and is subject to the personal jurisdiction of the Court. (*See* section III(A), above.)

### E. Venue

"The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923)). "In copyright infringement actions, venue is proper 'in the district in which the defendant or his agent resides or may be found.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)). "The

Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amendable to personal jurisdiction if the district were a separate state.'" *Id.*

As discussed above, Defendant is likely to be located in this District and the acts complained of also likely occurred here. Accordingly, venue appears proper in this District at this time.

### F.  Specific Discovery Request

Plaintiff has not provided a proposed subpoena. Plaintiff stated, however, that it will seek to obtain only the name and address of the subscriber associated with the IP address from Cox Communications.

The Court finds Plaintiff has shown good cause to subpoena records from Cox Communications identifying the subscriber assigned to the subject IP address at the identified times. The subpoena must be limited to documents identifying the subscriber's name and address during the relevant period. That information should be sufficient for Plaintiff to be able to identify and serve Defendant. If Plaintiff is unable to identify and serve Defendant after receiving a response to the subpoena, Plaintiff may seek leave from the Court to pursue additional discovery.

### G. Cable Privacy Act

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Expedited

Discovery is **GRANTED**, as follows:

1. Plaintiff may serve a subpoena, pursuant to and compliant with the procedures of Fed. R. Civ. P. 45, on Cox Communications seeking only the name and address of the subscriber assigned to the subject IP address for the relevant time period.
2. The subpoena must provide at least forty-five (45) calendar days from service to production. Cox Communications may seek to quash or modify the subpoena as provided at Rule 45(d)(3).
3. Cox Communications shall notify its subscriber, no later than fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall then have thirty (30) calendar days from the date of the notice to seek a protective order, to move to quash or modify the subpoena or file any other responsive pleading.
4. Plaintiff shall serve a copy of this Order with the subpoena upon Cox Communications. Cox Communications, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.
5. No other discovery is authorized at this time.

IT IS SO ORDERED.

Dated:  May 20, 2016

Hon. Bernard G. Skomal
United States Magistrate Judge